## COUNTY OF YORK.

HUTCHINSON *versus* CHADBOURNE.

As a general principle, in the law of evidence, a party offering to prove a fact by a deed, must produce the deed and prove its execution.

To this principle, in certain classes of cases "touching the realty," the thirty-fourth Rule of this Court has created an exception.

By that Rule, in those classes of cases, office copies of deeds of land are made admissible as evidence.

But that Rule does not authorize the introduction of such copies as evidence, when " *the realty*" is not the *subject matter* of the suit.

ON EXCEPTIONS from *Nisi Prius*, WELLS, J., presiding.

TRESPASS against the sheriff, for the act of his deputy in attaching a stock of goods on June 13, 1851.

The officer justified the attachment of the goods as the property of one Charles W. Boothby, against whom he held several writs for service.

The plaintiff introduced evidence to show, that he purchased the goods of Boothby on June 2, 1851. The defendant contended, that that purchase was fraudulent and void as to the creditors of Boothby. As a part of his evidence tending to show that fraud, the defendant proposed to prove that Boothby had fraudulently conveyed several lots of land to other persons, and offered office copies of the following deeds from said Boothby, viz ; one to Nathaniel T Boothby, dated June 2, 1851, recorded June 3, 1851 ; and two to Jeremiah M. Mason, one dated July 8, 1850, recorded July 10, 1850, and the other dated Nov. 22, 1850 ; also office copies of three deeds of land from Thomas M. Pierson to Charles W. Boothby. These copies were objected to by the plaintiff, but were admitted.

The verdict was for the defendant and the plaintiff excepted.

*Shepley* and *Hayes*, for the plaintiff.

The plaintiff was not a party or privy to the conveyances of the land. The admission of the copies was therefore erroneous.

The action is not one, " touching the realty." The defendant introduced the copies of deeds, not for the purpose of tracing title to land, but to satisfy the jury that Charles W. Boothby had valuable property on a certain day, and that he divested himself of this property, and so to create a presumption of a fraudulent intention. These copies were offered to prove independent facts, and were inadmissible for such purpose.

" It is a general principle of the law of evidence, that the party offering to prove a fact by deed, must produce the origi-

nal and prove its execution. This principle is, however, so far relaxed by the 34th rule of this Court, as to permit, under certain circumstances, office copies of deeds pertinent to the issue, from the Registry of Deeds, to be used without proof of their execution, when the party offering such office copies in evidence, is not a party to the deed, nor claims as heir, nor justifies as servant of the grantee, or his heirs. But this is permitted only in actions touching the realty, and for reasons given in *Woodman* v. *Coolbroth*, 7 Greenl. 181. In all other cases, the general principle above alluded to, remains unimpaired, unless it be shown that the instrument has been lost by time or accident, or is in the possession of the adverse party, in which cases its production may be dispensed with, but its contents and execution must still be proved."

Such is the language of the Court in *Kent* v. *Weld*, 2 Fairf. 459, and seems to be decisive of this point.

*Eastman* and *Leland* for the defendants.

1. It was the duty of the plaintiff to present his exceptions in such a manner as to exhibit plainly and distinctly his grounds. "Every point intended to be made, should be presented to the Judge at the trial explicitly." It is not enough for a party to say he excepts to the introduction of evidence, he should specify the reasons of his objecting. True, the plaintiff objected to the office copies, yet the case does not find that he objected, because they were *office copies*. From all that appears he only objected *generally*. *Emery* v. *Vinal*, 26 Maine, 303; 3 Gill. S. Carolina, 198; *Elwood* v. *Deipendorf*, 5 Barb. 398; *Glidden* v. *Dunlap*, 28 Maine, 384; *Comstock* v. *Smith*, 23 Maine, 202.

2. The office copies were properly admitted. *Eaton* v. *Campbell*, 7 Pick. 10; *Scribner* v. *Swift*, 13 Pick. 527; *Turbee* v. *Welsh*, 17 Mass. 165; *Ward* v. *Foster*, 15 Pick. 187.

SHEPLEY, C. J. — The action is trespass commenced against the defendant as sheriff for the acts of one of his deputies, in making an attachment of a stock of goods as the property of Charles W. Boothby, on June 13, 1851.

The plaintiff claimed the goods as a purchaser of them from Boothby on June 2, 1851. The defendant, acting for the attaching creditors of Boothby, alleged that purchase as against them to have been fraudulently made. To contribute to the proof of it he was permitted to read an office copy of a deed of real estate, conveyed on the same June 2, by Charles W. Boothby to Nathaniel T. Boothby; and office copies of two deeds of real estate from Charles W. Boothby to Jeremiah M. Mason, and of three deeds of real estate from Thomas M. Pierson to Charles W. Boothby. Objection was made by the counsel for plaintiff to their introduction.

By the thirty-fourth rule of this Court, office copies of deeds pertinent to the issue, may be read in evidence without proof of the execution of the deeds, " in all actions touching the realty" by one not a party to the deed, nor claiming as heir, nor justifying as servant of the grantee or of his heirs.

In the case of *Kent* v. *Weld*, 2 Fairf. 459, it was decided, that such office copies could be admitted only in actions touching the realty; and that in all other actions the general principle of the law of evidence prevailed, that a party offering to prove a fact by deed must produce it and prove *its* execution.

Testimony of a proper description tending to prove, that Charles W. Boothby made a fraudulent conveyance of property at or about the same time to another person, would have been admissible to exhibit a general design on his part to defraud his creditors, and therefore to render it probable, that the sale in question was made in part accomplishment of that design. *Aldrich* v. *Warren*, 16 Maine, 465; *Hawes* v. *Dingley*, 17 Maine, 341.

It did not appear, that the plaintiff was present, when the conveyance was made to Nathaniel T. Boothby or that he had any knowledge of it at the time of the sale made to him. It could therefore have no other influence upon his rights than to exhibit the general design of his vendor. He could not personally be subject to any unfavorable inference to be

drawn from it, because he did not introduce testimony to explain a transaction, respecting which he had no knowledge.                      *Exceptions sustained, verdict set*
                                     *aside and new trial granted.*

TENNEY, HOWARD and APPLETON, J. J., concurred.